DANIEL RODRIGUEZ, ESQ., SBN 096625
M. SCOTT FONTES, ESQ., SBN 139567
CHARLES R. CHAPMAN, ESQ., SBN 115505
**RODRIGUEZ & ASSOCIATES**
2020 EYE STREET, BAKERSFIELD, CA  93301
TELEPHONE  (661) 323-1400   FAX (661) 323-0132

HENRY J. PARSON, JR. and JMP, a minor,
by and through his guardian ad litem,
HENRY J. PARSON, JR.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY J. PARSON, JR. and JMP, a minor,  by and through his guardian ad litem, HENRY J. PARSON, JR.,<br><br>          Plaintiffs,<br><br>     vs.<br><br>CITY OF BAKERSFIELD, BAKERSFIELD POLICE DEPARTMENT, OFFICER JON SCOTT; and DOES 1 to 100, Inclusive,<br><br>          Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

///
///
///
///

Plaintiffs HENRY J. PARSON, JR. and JMP, a minor, by and through his guardian ad litem, HENRY J. PARSON, JR., allege as follows:

## JURISDICTION AND VENUE

1.     This Complaint is asserted by Plaintiffs HENRY J. PARSON, JR. and JMP, a minor, by and through his guardian ad litem, HENRY J. PARSON, JR., for compensation for:

(a)     Violation of Plaintiffs' Rights under the Fourteenth Amendment, pursuant to 42 U.S.C. §§ 1983, 1988, by all Plaintiffs against all Defendants.

(b)     Assault under California Law, by all Plaintiffs against all Defendants.

(c)     Battery under California Law, by Plaintiff HENRY J. PARSON, JR. against all Defendants.

(d)     Violation of the Bane Civil Rights Act, California Civil Code § 52.1, by all Plaintiffs against all Defendants.

(e)     Bystander Emotional Distress under California Law, by Plaintiff JMP against all Defendants.

(f)     Negligence under California law, by all Plaintiffs against all Defendants.

The Court has jurisdiction over Plaintiffs' Federal Civil Rights claims under 42 U.S.C. § 1983 pursuant to 28 U.S.C. §§ 1331, 1343.  The Court has supplemental jurisdiction over Plaintiffs' California state law claims pursuant to 28 U.S.C. § 1367(a).

2.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because: (a) a substantial part of the events or omissions giving rise to the claim occurred in this judicial district; and (b) Defendants reside within this judicial district.

## PARTIES AND OTHER RELEVANT ACTORS

3.      At all relevant times herein, Plaintiff HENRY J. PARSON, JR. was a competent adult and a resident of Bakersfield, California.

4.      At all relevant times herein, Plaintiff JMP was the minor son of Plaintiff HENRY J. PARSON, JR.  Plaintiff JMP is identified by his initials pursuant to Local Rule 39-140(a)(i).

5.      A Petition for Order for Appointment of Plaintiff HENRY J. PARSON, JR. as Guardian Ad Litem for Plaintiff JMP is filed herewith, or will be filed forthwith.

6.      Defendant CITY OF BAKERSFIELD is, and at all times mentioned herein was, a political subdivision of the State of California.  With regard to the claims under California law, said Defendant is legally responsible for, and has a duty to pay, all of the damages, penalties, attorney's fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code §§ 815.2(a), 815.6 and the decision in Los Angeles County Metropolitan Transp. Authority v. Superior Court, 123 Cal.App.4th 261, 264, 20 Cal.Rptr.3d 92, 94 (2004).

7.     Defendant BAKERSFIELD POLICE DEPARTMENT is, and at all times mentioned herein was, a law enforcement agency organized and existing under the Municipal Code and Charter of Defendant CITY OF BAKERSFIELD and the laws of the State of California.  With regard to the claims under California law, said Defendant is legally responsible for, and has a duty to pay, all of the damages, penalties, attorney's fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code §§ 815.2(a), 815.6 and the decision in <u>Los Angeles County Metropolitan Transp. Authority v. Superior Court</u>, 123 Cal.App.4th 261, 264, 20 Cal.Rptr.3d 92, 94 (2004).

8.     Defendants OFFICER JON SCOTT and DOES 1 to 100, inclusive, are, and at all times mentioned herein were, police officers, officers, agents and/or employees of the Defendants CITY OF BAKERSFIELD and BAKERSFIELD POLICE DEPARTMENT, and were acting within the course and scope of said employment and under color of law.  With regard to the claims under California law, said Defendants are legally responsible for, and have a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorney's fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

9.     Plaintiffs are unaware of the true names and capacities of the Defendants sued herein as Does 1 through 100, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiffs will amend this Complaint to allege the true names and capacities when ascertained.  Plaintiffs are informed and believe and on that basis allege that each of the fictitiously named Defendants is liable in the manner set forth below for the acts, conduct and/or omissions concerning the events and happenings herein referred to, which proximately caused the damages and injuries to Plaintiffs as alleged herein.

10.   Plaintiffs are informed and believe and on that basis allege that at all times and places mentioned herein each Defendant was the agent, representative and/or employee of each of the remaining Defendants and was acting within the course and scope of said agency, representation and/or employment.

11.   In performing and engaging in the acts alleged herein, each Defendant was acting under color of law, to wit, under the statutes of the State of California and the ordinances, regulations, customs, and practices of Defendants CITY OF BAKERSFIELD and BAKERSFIELD POLICE DEPARTMENT.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.   On or about September 25, 2006, in or near Southwest Bakersfield, California, Defendant OFFICER JON SCOTT was purportedly responding to a report of a crime when he allegedly attempted to apprehend a suspect, a 16 year-old minor. (It is currently not possible to identify the suspect because he was and is a minor.) The suspect allegedly did not immediately submit to arrest but instead fled. Both prior to and at the time the suspect allegedly did not immediately submit to arrest but instead fled: (a) the circumstances were such that actual deliberation regarding Defendant OFFICER JON SCOTT's next course of action was practical; and (b) Defendant OFFICER JON SCOTT had sufficient time to fully consider the potential consequences of his conduct. In addition, pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs believe the following allegation will have evidentiary support after a reasonable opportunity for further investigation and discovery: Defendant OFFICER JON SCOTT did, in fact, deliberate and plan before taking his next course of action.

13.   After having sufficient time to fully consider the potential consequences of his conduct, being confronted with circumstances that were such that actual deliberation

regarding his next course of action was practical, and, in fact, so deliberating, Defendant OFFICER JON SCOTT chose to discharge his firearm three times at the suspect.  Said circumstances included, but were not limited to, the fact that:

(a)   the suspect:

(i)   did not fire a firearm;

(ii)   did not, in fact, have or possess a firearm or any other weapon;

(iii)   did not engage in or perform any conduct (e.g., reaching into his pocket, reaching into his waist band, pointing his arm, etc.) that caused Defendant OFFICER JON SCOTT to believe that the suspect had a firearm or other weapon; and

(iv)   did not engage in or perform any conduct (e.g., reaching into his pocket, reaching into his waist band, pointing his arm, etc.) that would cause an officer in the position of Defendant OFFICER JON SCOTT to reasonably believe that the suspect had a firearm or other weapon; and

(b)   the suspect was allegedly fleeing on foot;

(c)   Defendant OFFICER JON SCOTT had a radio to call for immediate back-up and support;

(d)   Pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs believe the following allegations will have evidentiary support

after a reasonable opportunity for further investigation and discovery:
Defendant OFFICER JON SCOTT had, in fact, called for back-up and
support; and

(e)     Defendant OFFICER JON SCOTT could pursue the suspect in his
vehicle or on foot.

Further, Defendant OFFICER JON SCOTT discharged his firearm three times at the suspect:

(a)     despite the fact that he knew that he was in close proximity to an
occupied residential complex, and that said complex was behind the
suspect and in the direct path of his bullets;

(b)     despite the fact that he knew that if any of his bullets missed the suspect,
said bullets would strike the occupied residential complex and endanger
the lives, health and safety of the occupants of the complex, as well as
violate their rights;

(c)     with conscious disregard regard for, and deliberate indifference to, the
safety, welfare and civil rights of bystanders and persons in the
residential complex, including Plaintiffs; and

(d)     under circumstances that did not justify the application of deadly force
against the suspect because Defendant OFFICER JON SCOTT did not
have probable cause to believe that the suspect posed a threat of death or
serious physical harm to Defendant OFFICER JON SCOTT or to others,
see Tennessee v. Garner, 471 U.S. 1, 11, 105 S.Ct. 1694, 1701, 85

L.Ed.2d 1 (1985), see also Cal. Civ. Code § 50; Cal. Pen. Code §§ 835, 835a.

The shots missed the suspect.  One bullet, however, hit Plaintiff HENRY J. PARSON, JR., who was in his residence at the time. Plaintiff JMP: (a) was also present at the time of the shooting; (b) was put in imminent apprehension of harmful and offensive contact; (c) perceived the infliction of the injury on his father, Plaintiff HENRY J. PARSON, JR.; and, as a result (d) suffered severe and acute emotional distress and trauma.

14.    At all relevant times herein, Defendant OFFICER JON SCOTT acted with both subjective and objective deliberate indifference to, and with conscious disregard of, the rights and safety of bystanders, persons in the residential complex, and Plaintiffs HENRY J. PARSON, JR. and JMP.

15.    At all relevant times herein, Defendant OFFICER JON SCOTT negligently and carelessly discharged his firearm three times in close proximity to an occupied residential complex, without regard for the safety and welfare of any bystanders including Plaintiffs, and under circumstances that did not justify the application of deadly force.

16.    Defendants CITY OF BAKERSFIELD, BAKERSFIELD POLICE DEPARTMENT and its employees, agents, supervisors, managers and/or representatives, Does 1 to 100, were negligent and careless with respect to hiring, training, supervision and discipline of Defendant OFFICER JON SCOTT.

17.    As an actual, legal and proximate result of the conduct alleged herein, and the conduct of Defendants, and each of them, Plaintiffs suffered general and special damages, including but not limited to medical expenses, lost earnings, lost earning capacity,

disfigurement, pain and suffering, and/or severe, acute and continuing emotional distress and trauma.

18.    Plaintiff has complied with the California Tort Claims Act, California Government Code §§ 910 et seq.  Plaintiff timely submitted his Government Tort Claim to the City Clerk of the City of Bakersfield on March 22, 2007.  The Claim has not been acted upon, and was deemed rejected by operation of law 45 days later, on May 14, 2007, pursuant to California Government Code § 912.4.

## FIRST CAUSE OF ACTION
### Violation of Plaintiffs' Rights under the Fourteenth Amendment, Pursuant to 42 U.S.C. §§ 1983, 1988.
### [By All Plaintiffs Against All Defendants.]

19.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 18, inclusive, as though fully set forth herein.

20.    Plaintiffs asserts this First Cause of Action for the violation by Defendants of Plaintiffs' rights secured by the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. §§ 1983, 1988.

21.    In engaging in the conduct alleged above, after having sufficient time to fully consider the potential consequences of his conduct, being confronted with circumstances that were such that actual deliberation regarding his next course of action was practical, and, in fact, so deliberating, see Small v. City of Philadelphia, 2007 WL 674629, at *7 - *8. (E.D.Pa. 2007) (applying deliberate indifference standard to accidental shooting case where there was "evidence on the record upon which a jury could find that [the officer] did not have to make split-second decisions"), see also

Moreland v. Las Vegas Metropolitan Police Dept., 159 F.3d 365, 372, 373 (9th Cir. 1998) ("the critical consideration as whether the circumstances are such that 'actual deliberation is practical.'"; "the critical question in determining the appropriate standard of culpability is whether the circumstances allowed the state actors time to fully consider the potential consequences of their conduct"), Pobursky v. Madera County, 2007 WL 2023529, at *9 (E.D.Cal. 2007) ("if law enforcement is responding to a circumstance in which there is time to fully consider potential consequences, then conduct will shock the conscience if it is deliberately indifferent to the plaintiffs' rights"), Ayala v. City of South San Francisco, 2007 WL 2070236, at *9 - *10 (N.D.Cal. 2007) ("jury could find that defendants' conduct shocked the conscience" where "the officers stated that they had talked out a plan to restrain [the prisoner]"), Defendant OFFICER JON SCOTT performed the conscience shocking act of, as alleged above, discharging his firearm three times at, and/or in the direction of, Plaintiffs.  Defendant OFFICER JON SCOTT did so with conscious disregard regard for, and deliberate indifference to, the safety, welfare and civil rights of bystanders and persons in the residential complex, including Plaintiffs.

22.    Defendants CITY OF BAKERSFIELD, BAKERSFIELD POLICE DEPARTMENT, and Does 1 through 100, inclusive, are responsible for implementing, maintaining, sanctioning and/or condoning policies, customs, practices, training and supervision with the respect to the discharge of firearms.

23.    Pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs believe the following allegations will have evidentiary support after a reasonable opportunity for further investigation and discovery:  The above-alleged conduct of Defendants OFFICER JON SCOTT was consistent with the training, polices, customs and practices set forth by Defendants CITY OF BAKERSFIELD, BAKERSFIELD POLICE DEPARTMENT, and Does 1 through 100, inclusive, concerning the discharge of firearms, and/or that Defendant's OFFICER JON SCOTT discharge of his firearm in

the present case was ratified by Defendants CITY OF BAKERSFIELD, BAKERSFIELD POLICE DEPARTMENT, and Does 1 through 100, inclusive.

24.    Pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs believe the following allegations will have evidentiary support after a reasonable opportunity for further investigation and discovery:  Defendants CITY OF BAKERSFIELD, BAKERSFIELD POLICE DEPARTMENT, and Does 1 through 100, inclusive, inclusive, and each of them, knew or should have known that Defendants' training, policies, customs, and practices regarding the discharge of firearms were so inadequate that it was obvious that a failure to correct them would result in future incidents of injuring persons, such as Plaintiffs, with deliberate indifference to, and conscious disregard of, their rights and safety.

25.    Pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs believe the following allegations will have evidentiary support after a reasonable opportunity for further investigation and discovery:  At all relevant times, Defendants CITY OF BAKERSFIELD, BAKERSFIELD POLICE DEPARTMENT, and Does 1 through 100, inclusive, authorized and/or acquiesced in the aforementioned policies, customs, practices, training and supervision and the commission of the type of acts by its officers similar to those which are alleged herein to have caused the injuries to Plaintiffs. Furthermore, said Defendants were deliberately indifferent to the probability of the occurrence of such acts and failed to correct said policies, customs, practices, training and supervision, thereby causing the damages alleged herein.

26.    Pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs believe the following allegations will have evidentiary support after a reasonable opportunity for further investigation and discovery:  Defendants CITY OF BAKERSFIELD, BAKERSFIELD POLICE DEPARTMENT, and Does 1 through 100,

inclusive, maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs set forth above and, based upon the principles set forth in <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), are liable for all injuries sustained by Plaintiff as set forth herein.

27.     Pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs believe the following allegations will have evidentiary support after a reasonable opportunity for further investigation and discovery:  Defendants CITY OF BAKERSFIELD, BAKERSFIELD POLICE DEPARTMENT, and Does 1 through 100, inclusive, were objectively deliberately indifferent, as elucidated in, <u>e.g.</u>, <u>Farmer v. Brennan</u>, 511 U.S. 825, 841, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994), <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 396, 109 S.Ct. 1197, 1208, 103 L.Ed.2d 412 (1989) (O'Connor, J., concurring in part, dissenting in part), and <u>Gibson v. County of Washoe</u>, 290 F.3d 1175, 1198 n.1 (9th Cir. 2002), <u>cert. denied</u>, 537 U.S. 1106, 123 S.Ct. 872, 154 L.Ed.2d 775 (2003), to the practice of subordinates, officers, employees and/or agents of Defendant BAKERSFIELD POLICE DEPARTMENT of discharging their firearms with deliberate indifference to, and conscious disregard of, the rights and safety of citizens such as Plaintiffs herein.

28.     Pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs believe the following allegations will have evidentiary support after a reasonable opportunity for further investigation and discovery:  Defendants CITY OF BAKERSFIELD, BAKERSFIELD POLICE DEPARTMENT, and Does 1 through 100, inclusive, had actual and/or constructive knowledge, as elucidated in, <u>e.g.</u>, <u>Farmer v. Brennan</u>, 511 U.S. 825, 841, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994),  <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 396, 109 S.Ct. 1197, 1208, 103 L.Ed.2d 412

(1989) (O'Connor, J., concurring in part, dissenting in part), and <u>Gibson v. County of Washoe</u>, 290 F.3d 1175, 1186 (9th Cir. 2002), <u>cert. denied</u>, 537 U.S. 1106, 123 S.Ct. 872, 154 L.Ed.2d 775 (2003), that it was the practice of subordinates, officers, employees and/or agents of Defendant BAKERSFIELD POLICE DEPARTMENT to discharge their firearms with deliberate indifference to, and conscious disregard of, the rights and safety of citizens such as Plaintiffs herein.

29.     Pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs believe the following allegations will have evidentiary support after a reasonable opportunity for further investigation and discovery:  The above described policies, customs, practices, training and supervision of Defendants CITY OF BAKERSFIELD, BAKERSFIELD POLICE DEPARTMENT, and Does 1 through 100, inclusive, demonstrate a deliberate indifference on the part of policymakers of the CITY OF BAKERSFIELD to the constitutional rights of persons within the City, including Plaintiffs, and were the cause of the violations of Plaintiffs' rights alleged herein.

30.     By reason of the conduct of the Defendants, and each of them, as alleged herein, Plaintiffs were deprived, under color of law, of their rights guaranteed by the Fourteenth Amendment to the United States Constitution.

31.     As a direct and proximate result of the acts of Defendants, Plaintiffs suffered and seek to recover general and special damages in an amount according to proof at trial.

32.     The aforementioned conduct of the individual Defendants was done maliciously, oppressively and in conscious disregard for the rights and safety of Plaintiffs, such that an award of exemplary and punitive damages should be imposed against said individual Defendants in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### Assault Under California Law.

### [By All Plaintiffs Against All Defendants.]

33.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 18, and 20 through 32, inclusive, as though fully set forth herein.

34.     Plaintiffs assert this Second Cause of Action for Assault under California law.

35.     In engaging in the conduct alleged above, Defendant OFFICER JON SCOTT: (a) acted with the intent to cause a harmful or offensive contact with the person of the suspect, or an imminent apprehension of such contact; and (b) thereby actually, legally and proximately caused Plaintiffs to be put in imminent apprehension of harmful and offensive contact.  Both Plaintiff HENRY J. PARSON, JR. and Plaintiff JMP were actually aware of such imminent contact.  Both Plaintiffs believed that the conduct of Defendant OFFICER JON SCOTT might result in imminent harmful or offensive contact.

36.     Plaintiffs' claim for assault under California law will and does lie against Defendants because:

> (a)     The conduct of Defendant OFFICER JON SCOTT of firing a firearm at the suspect was not privileged because he did not have probable cause to believe that the suspect posed a threat of death or serious physical harm to Defendant OFFICER JON SCOTT or to others, see Tennessee v. Garner, 471 U.S. 1, 11, 105 S.Ct. 1694, 1701, 85

L.Ed.2d 1 (1985), see also Cal. Civ. Code § 50; Cal. Pen. Code §§ 835, 835a;

(b)     Defendant OFFICER JON SCOTT's intent to cause a harmful or offensive contact with the person of the suspect, or an imminent apprehension of such contact, is transferable to Plaintiffs as a matter of California law pursuant to the transferred intent doctrine, see, e.g., Du Lac v. Perma Trans Products, Inc., 103 Cal.App.3d 937, 944, 163 Cal.Rptr. 335, 338 (1980), Singer v. Marx, 144 Cal.App.2d 637, 642, 301 P.2d 440, 443 (1956), Lopez v. Surchia, 112 Cal.App.2d 314, 318, 246 P.2d 111, 113 (1952), Restatement (Second) of Torts, §§ 16(2), 20(2), 5 B.E. Witkin, Summary of California Law, Torts § 384 (10th ed. 2005), 3 California Torts, § 41.01[3][c] (Matthew Bender 2007), California Civil Practice Torts, §§ 12.8, 12.34, 13.8 (Thomson/West 2007); and

(c)     In engaging in the conduct alleged above, Defendant OFFICER JON SCOTT in fact actually, legally and proximately caused Plaintiffs to be put in imminent apprehension of harmful and offensive contact.

37.     As a direct and proximate result of the aforementioned conduct of Defendant OFFICER JON SCOTT, Plaintiffs have been damaged as alleged herein above.

38.     The aforementioned conduct was done maliciously, oppressively and with an intent to cause injury, such that an award of exemplary and punitive damages should be imposed against Defendant OFFICER JON SCOTT in an amount to be proven at trial.

39.     Defendant OFFICER JON SCOTT is legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorney's fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

40.     Defendants CITY OF BAKERSFIELD and BAKERSFIELD POLICE DEPARTMENT are legally responsible for, and have a duty to pay, all of the damages, penalties, attorney's fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code §§ 815.2(a), 815.6 and the decision in <u>Los Angeles County Metropolitan Transp. Authority v. Superior Court</u>, 123 Cal.App.4th 261, 264, 20 Cal.Rptr.3d 92, 94 (2004).

## THIRD CAUSE OF ACTION
### Battery Under California Law.
### [By Plaintiff HENRY J. PARSON, JR. Against All Defendants.]

41.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 18, 20 through 32, and 34 through 40, inclusive, as though fully set forth herein.

42.     Plaintiff HENRY J. PARSON, JR. asserts this Third Cause of Action for Battery under California law.

43.     In engaging in the conduct alleged above, Defendant OFFICER JON SCOTT: (a) acted with the intent to cause harmful or offensive contact with the person of the suspect, or an imminent apprehension of such contact; and (b) thereby actually, legally and proximately caused Plaintiff HENRY J. PARSON, JR. to be subjected to a harmful and offensive touching.

44.   Plaintiff HENRY J. PARSON, JR.'s claim for battery under California law will and does lie against Defendants because:

(a)   The conduct of Defendant OFFICER JON SCOTT of firing a firearm at the suspect was not privileged because he did not have probable cause to believe that the suspect posed a threat of death or serious physical harm to Defendant OFFICER JON SCOTT or to others, see Tennessee v. Garner, 471 U.S. 1, 11, 105 S.Ct. 1694, 1701, 85 L.Ed.2d 1 (1985), see also Cal. Civ. Code § 50; Cal. Pen. Code §§ 835, 835a;

(b)   Defendant OFFICER JON SCOTT's intent to cause a harmful or offensive contact with the person of the suspect, or an imminent apprehension of such contact, is transferable to Plaintiffs as a matter of California law pursuant to the transferred intent doctrine, see, e.g., Du Lac v. Perma Trans Products, Inc., 103 Cal.App.3d 937, 944, 163 Cal.Rptr. 335, 338 (1980), Singer v. Marx, 144 Cal.App.2d 637, 642, 301 P.2d 440, 443 (1956), Lopez v. Surchia, 112 Cal.App.2d 314, 318, 246 P.2d 111, 113 (1952), Restatement (Second) of Torts, §§ 16(2), 20(2), 5 B.E. Witkin, Summary of California Law, Torts § 384 (10th ed. 2005), 3 California Torts, § 41.01[3][c] (Matthew Bender 2007), California Civil Practice Torts, §§ 12.8, 12.34, 13.8 (Thomson/West 2007); and

(c)   In engaging in the conduct alleged above, Defendant OFFICER JON SCOTT actually, legally and proximately caused Plaintiff HENRY J. PARSON, JR. to be subjected to a harmful and offensive touching.

45.     As a direct and proximate result of the aforementioned conduct of Defendant OFFICER JON SCOTT, Plaintiff HENRY J. PARSON, JR. has been damaged as alleged herein above.

46.     The aforementioned conduct was done maliciously, oppressively and with an intent to injure the suspect, such that an award of exemplary and punitive damages should be imposed against Defendant OFFICER JON SCOTT in an amount to be proven at trial.

47.     Defendant OFFICER JON SCOTT is legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorney's fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

48.     Defendants CITY OF BAKERSFIELD and BAKERSFIELD POLICE DEPARTMENT are legally responsible for, and have a duty to pay, all of the damages, penalties, attorney's fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code §§ 815.2(a), 815.6 and the decision in <u>Los Angeles County Metropolitan Transp. Authority v. Superior Court</u>, 123 Cal.App.4th 261, 264, 20 Cal.Rptr.3d 92, 94 (2004).

## FOURTH CAUSE OF ACTION
### Violation of the Bane Civil Rights Act, California Civil Code § 52.1.
### [By All Plaintiffs Against All Defendants.]

49.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 18, 20 through 32, 34 through 40, and 42 through 48, inclusive, as though fully set forth herein.

50.   Plaintiffs assert this Fourth Cause of Action for Violation of the Bane Civil Rights Act, California Civil Code § 52.1. under California law.

51.   Plaintiffs' claim under the Bane Civil Rights Act, California Civil Code § 52.1, will and does lie against Defendants because:

(a)   In engaging in the conduct alleged above, Defendant OFFICER JON SCOTT and DOES 1 to 100, inclusive, intended and attempted to interfere with the exercise and enjoyment of the suspect's civil rights as guaranteed by, inter alia: (a) the Fourth Amendment to the United States Constitution not to be subjected to unreasonable, and unreasonably deadly, force; (b) Article I, Section 13 of the California Constitution to be secure in his person against unreasonable seizures; (c) Article I, Section 7 of the California Constitution not to be deprived of liberty without due process of law; and (d) California Civil Code § 43, the statutory right of protection from bodily restraint and harm, see Jones v. Kmart Corp., 17 Cal.4th 329, 338, 70 Cal.Rptr.2d 844, 847 (1998). Defendant OFFICER JON SCOTT and DOES 1 to 100, inclusive, intended and attempted to interfere with said rights by the use of threats, intimidation or coercion within the meaning of California Civil Code § 52.1(a);

(b)   The conduct of Defendant OFFICER JON SCOTT of firing a firearm at the suspect was not privileged because he did not have probable cause to believe that the suspect posed a threat of death or serious physical harm to Defendant OFFICER JON SCOTT or to others, see Tennessee v. Garner, 471 U.S. 1, 11, 105 S.Ct. 1694, 1701, 85

L.Ed.2d 1 (1985), see also Cal. Civ. Code § 50; Cal. Pen. Code §§ 835, 835a;

(c)   Defendants' intent to interfere with the exercise and enjoyment of the suspect's civil rights is transferable to Plaintiffs as a matter of California law pursuant to the transferred intent doctrine, see, e.g., Du Lac v. Perma Trans Products, Inc., 103 Cal.App.3d 937, 944, 163 Cal.Rptr. 335, 338 (1980), Singer v. Marx, 144 Cal.App.2d 637, 642, 301 P.2d 440, 443 (1956), Lopez v. Surchia, 112 Cal.App.2d 314, 318, 246 P.2d 111, 113 (1952), Restatement (Second) of Torts, §§ 16(2), 20(2), 5 B.E. Witkin, Summary of California Law, Torts § 384 (10th ed. 2005), 3 California Torts, § 41.01[3][c] (Matthew Bender 2007), California Civil Practice Torts, §§ 12.8, 12.34, 13.8 (Thomson/West 2007); and

(d)   In engaging in the conduct alleged above, Defendant OFFICER JON SCOTT and DOES 1 to 100, inclusive, in fact interfered with the exercise and enjoyment of the Plaintiffs' civil rights as guaranteed by, inter alia: (a) the Fourth Amendment to the United States Constitution not to be subjected to unreasonable, and unreasonably deadly, force; (b) Article I, Section 13 of the California Constitution to be secure in his person against unreasonable seizures; (c) Article I, Section 7 of the California Constitution not to be deprived of liberty without due process of law; and (d) California Civil Code § 43, the statutory right of protection from bodily restraint and harm, see Jones v. Kmart Corp., 17 Cal.4th 329, 338, 70 Cal.Rptr.2d 844, 847 (1998).  Further, Defendants did so by the use of by the use of conduct that was in fact threatening, intimidating and/or coercive to Plaintiffs.

52.     As a direct and proximate result of the acts of Defendants, Plaintiff suffered and seeks to recover general and special damages in an amount according to proof at trial.

53.     As a result of Defendants' violation of Plaintiffs' rights under the Bane Civil Rights Act, California Civil Code § 52.1(a), Plaintiffs are entitled to recover:

(a)     their actual damages, and any amount that may be determined by a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, pursuant to California Civil Code §§ 52.1(b) and 52(a), and/or

(b)     their actual damages and, in addition, the following:

(1)     An amount to be determined by a jury for exemplary damages;

(2)     A civil penalty of twenty-five thousand dollars ($25,000); and

(3)     Attorney's fees as may be determined by the court,

pursuant to California Civil Code §§ 52.1(b) and 52(b).

54.     As a result of Defendants' violation of Plaintiffs' rights under the Bane Civil Rights Act, California Civil Code § 52.1(a), Plaintiffs are entitled to recover reasonable attorney's fees pursuant to California Civil Code § 52.1(h).

55.     In doing the acts alleged in this Complaint, Defendants knew or should have known that their actions were likely to cause injury. Plaintiffs are informed and believe,

and therefore allege, that Defendants intended to cause injury and acted with a willful and conscious disregard of Plaintiffs' rights as secured by Civil Code section 52.1, thus entitling Plaintiffs to recover punitive damages pursuant to Civil Code section 52(b)(1).

56.    Defendant OFFICER JON SCOTT is legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorney's fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

57.    Defendants CITY OF BAKERSFIELD, and BAKERSFIELD POLICE DEPARTMENT, are legally responsible for, and have a duty to pay, all of the damages, penalties, attorney's fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code § 815.2(a) and the decision in <u>Los Angeles County Metropolitan Transp. Authority v. Superior Court</u>, 123 Cal.App.4th 261, 264, 20 Cal.Rptr.3d 92, 94 (2004).

## FIFTH CAUSE OF ACTION
### Bystander Emotional Distress under California Law.
### [By Plaintiff JMP Against All Defendants.]

58.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 18, 20 through 32, 34 through 40, 42 through 48, and 50 through 57, inclusive, as though fully set forth herein.

59.    Plaintiff JMP asserts this Fifth Cause of Action for Bystander Emotional Distress under California law.

60.    Pursuant to the decision in, <u>e.g.</u>, <u>Thing v. La Chusa</u>, 48 Cal.3d 644, 647, 257 Cal.Rptr. 865, 866 (1989), Plaintiff JMP is entitled to recover for the damages he suffered

as a result of perceiving the injury to his father, Plaintiff HENRY J. PARSON, JR., because at the time of the incident: (a) Plaintiff JMP was closely related to the injured victim, his father, Plaintiff OFFICER JON SCOTT; (b) Plaintiff JMP was present at the scene of the injury-producing event at the time it occurred and was then aware and perceived that it caused injury to the victim, his father, Plaintiff OFFICER JON SCOTT; and (c) as a result suffered serious emotional distress, a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances.

61.    As a direct and proximate result of the aforementioned conduct of Defendant OFFICER JON SCOTT, Plaintiffs have been damaged as alleged herein above.

62.    Defendant OFFICER JON SCOTT is legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorney's fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

63.    Defendants CITY OF BAKERSFIELD and BAKERSFIELD POLICE DEPARTMENT are legally responsible for, and have a duty to pay, all of the damages, penalties, attorney's fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code §§ 815.2(a), 815.6 and the decision in <u>Los Angeles County Metropolitan Transp. Authority v. Superior Court</u>, 123 Cal.App.4th 261, 264, 20 Cal.Rptr.3d 92, 94 (2004).

///

///

///

///

///

///

## SIXTH CAUSE OF ACTION

### Negligence Under California Law.

### [By All Plaintiffs Against All Defendants.]

64.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 18, 20 through 32, 34 through 40, 42 through 48, 50 through 57, and 59 through 63, inclusive, as though fully set forth herein.

65.     Plaintiffs JMP asserts this Sixth Cause of Action for Negligence under California law.

66.     Defendant OFFICER JON SCOTT, while acting within the course and scope of his employment with Defendants CITY OF BAKERSFIELD and BAKERSFIELD POLICE DEPARTMENT, negligently, carelessly and unreasonably caused the injuries to Plaintiffs alleged herein.

67.     Defendant OFFICER JON SCOTT is legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorney's fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

68.     Defendants CITY OF BAKERSFIELD and BAKERSFIELD POLICE DEPARTMENT are legally responsible for, and have a duty to pay, all of the damages, penalties, attorney's fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code §§ 815.2(a), 815.6 and the decision in Los Angeles County Metropolitan Transp. Authority v. Superior Court, 123 Cal.App.4th 261, 264, 20 Cal.Rptr.3d 92, 94 (2004).

## ATTORNEYS' FEES AND COSTS

69.    Pursuant to the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to and demands an award of reasonable attorneys' fees and costs attendant to prosecuting this action in an amount to be determined according to proof at trial.

## PRAYER

WHEREFORE, Plaintiff seeks damages as follows:

(a)    General damages – In an amount to be proven at trial;

(b)    Special damages – In an amount to be proven at trial;

(b)    Punitive damages – Against the individual Defendants, in an amount to be proven at trial;

(d)    Attorney's fees and costs of suit incurred herein;

(e)    With regard to the claim under the Bane Civil Rights Act, California Civil Code § 52.1, either:

(i)    a civil penalty of twenty-five thousand dollars ($25,000), Decedent's actual damages and, in addition, an amount to be determined by a jury for exemplary damages, as well as attorneys' fees as may be determined by the Court; or

(ii)    Decedent's actual damages, and any amount that may be determined by a jury up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the Court in addition thereto,

and

(f)    For such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated:  October 4, 2007                              RODRIGUEZ & ASSOCIATES


By:  ___/s/ Daniel Rodriguez_____/
                                DANIEL RODRIGUEZ, ESQ.
                                Attorneys for Plaintiffs HENRY J.
                                PARSON, JR. and JMP, a minor,
                                by and through his guardian ad litem,
                                HENRY J. PARSON, JR.