# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY J. PARSON, JR., and JMP, a minor, by and through his guardian ad litem, HENRY J. PARSON, JR., | ) 1:07cv01468 OWW DLB )<br>)<br>) |
| Plaintiffs, | )<br>) FINDINGS AND RECOMMENDATIONS |
| v. | ) REGARDING PETITION FOR ORDER<br>) APPROVING COMPROMISE OF THE CLAIM<br>) OF PLAINTIFF, JMP, A MINOR |
| CITY OF BAKERSFIELD;<br>BAKERSFIELD POLICE DEPARTMENT;<br>OFFICER JON SCOTT; and DOES<br>1 to 100, Inclusive, | ) (Document 37)<br>)<br>)<br>) |
| Defendants. | )<br>) |

Petitioner Henry J. Parson, Jr., filed the instant petition for an order approving

compromise of the claim of Plaintiff JMP on January 15, 2009.  The petition was heard on

February 20, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge.

Charles Chapman appeared on behalf of Plaintiff JMP, who was present with petitioner Henry J.

Parson, Jr., his guardian ad litem.  There was no appearance by Defendants.

## BACKGROUND

The minor, JMP, is a male born on October 8, 1991, and is approximately seventeen years

of age.  Petitioner Henry J. Parson, Jr., is the father and guardian ad litem of JMP.  Petitioner also

is a plaintiff in this action.  The action arises out of an incident that took place on or about

September 24, 2006.  According to the moving papers, it is alleged that Bakersfield Police

Department Sergeant Jon Scott was involved in a high speed pursuit of a car that he thought had

1

1   been involved in a robbery earlier that night.  Sergeant Scott reportedly chased the car into the

2   parking lot of an apartment complex where he rammed the car with his patrol car.

3        Petitioner explains that the driver of the car got out and ran.  Sergeant Scott allegedly

4   jumped out of his car and opened fire.  He fired three times.  One bullet shattered the rear side

5   window of a car parked in an adjacent parking stall.  Another bullet penetrated a wooden patio

6   fence and was stopped by a bundle of heavy canvas.  The third bullet penetrated the wooden patio

7   fence and traveled through a sliding glass door into an apartment bedroom.  The bullet hit the left

8   ankle of the minor's father who had been awakened by the loud commotion outside his apartment.

9        Petitioner further explains that the minor, JMP, was asleep inside the bedroom when the

10   bullet hit his father.  The shattering window woke him up.  When the minor's father realized he

11   had been shot, he had the minor call 911.  The minor then realized that his father had been shot.

12   The minor allegedly suffered emotional distress, but has since recovered.

13        According to Petitioner's allegations, it was later determined by the Bakersfield Police

14   Department that Sergeant Scott violated several basic gun safety rules and the use-of-force policy

15   by firing his weapon in the parking lot of an occupied apartment complex.

16        The present action was filed on October 9, 2007.  The complaint alleges causes of action

17   for:  (1) violation of Plaintiffs' rights under the Fourteenth Amendment pursuant to 42 U.S.C.

18   section 1983; (2) violation of California Bane Act, California Civil Code section 52.1; (3) assault

19   and battery; (4) bystander emotional distress; and (5) negligence.

20        The parties participated in voluntary mediation before Oliver U. Robinson, Esq., on

21   December 4, 2008.  At mediation, Defendants offered $5,000.00 in consideration of a full and

22   final release and discharge of and from all claims, charges, and demands of JMP, the minor,

23   arising from the incident.  The parties reached a complete settlement of the matter and have filed a

24   notice of settlement.

25        Petitioner seeks approval for payment out of the settlement proceeds as follows:  (1) the

26   sum of $3,750.00 to be deposited in an insured account subject to withdrawal only upon

27   authorization of the Court until said time as JMP reaches the age of majority; and (2) the sum of

28   $1,250.00 payable to Rodriguez and Associates for attorney's fees.

## DISCUSSION

This Court's Local Rule 17-202 addresses settlements for minors and provides in pertinent part:

> (b) Settlement.  No claim by . . . a minor . . . may be settled or compromised absent court order by the Court in approving the settlement or compromise.
> . . .
> (2) Such application [for minor's compromise] shall disclose, among other things, the age and sex of the minor . . . , the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . . .
> . . .
> (c) Disclosure of Attorney's Interest.  When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed . . . and whether the attorney has received or expects to receive any compensation, from whom, and the amount.
> . . .
> (e) Payment of Judgment.  Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . . .

Federal Rule of Civil Procedure 17(c) empowers a district court to make an "appropriate order" to protect a minor.  "Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law.  California law requires *court approval* of the fairness and terms of the settlement."  Schwarzer, Tashima & Wagstaffe, California Practice Guide, *Federal Civil Procedure Before Trial* (2008) Pretrial Conference and Settlement Procedures, para. 15:138, p. 15-48 (emphasis in original).  A settlement for a minor and attorney fees to represent a minor must be approved by the court.  Cal. Prob. Code § 3601; Cal. Fam. Code § 6602.  Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court.  Cal. Prob. Code, § 3601.

A leading California practice guide observes:

> Although courts vary in their fee approval policies, all consider the time expended and the complexity of the case.

3

> ...
> The court may allow attorney fees under a valid contingency agreement so long as the fees are *reasonable*.
> ...
> Many courts require a showing of "good cause" to award more than 25% of any recovery.

Weil & Brown, Cal. Practice Guide, *Civil Procedure Before Trial* (2008) Settlement Procedures, paras. 12:576 and 12:577, p. 12(II)-17 (citations omitted).

The present petition includes the information required by this Court's Local Rule 17-202(b)(2) and (c) to address the details of the proposed compromise.  The Court finds the request for attorney fees totaling 25% of the settlement in the amount of $1,250.00 (25% of $5,000) to be reasonable.

JMP's remaining balance of $3,750.00 should appropriately be deposited in an insured account at Mission Bank, Main Branch, located at 1330 Truxtun Avenue, Bakersfield, California, subject to withdrawal only upon authorization of the Court until JMP reaches the age of majority.

## CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court RECOMMENDS as follows:

1.      The Petition for Order Approving Compromise of the Claim of Plaintiff JMP, a Minor, be granted;

2.      JMP's $3,750.00 share be deposited in an insured account at Mission Bank, Main Branch, located at 1330 Truxtun Avenue, Bakersfield, California, and not withdrawn without a court order or until JMP reaches the age of majority; and

3.      The sum of $1,250.00 be permitted to be paid to Rodriguez & Associates for attorney's fees.

These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631 (b)(1)(B) and Rule 72-302 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty days (plus three days if served by mail) after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations.  Such a document should be captioned "Objections to

1  Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served

2  and filed within ten (10) days (plus three days if served by mail) after service of the objections.

3  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1).

4       IT IS SO ORDERED.

5  **Dated:**  __**February 23, 2009**__          _____**/s/ Dennis L. Beck**_____
                                                UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28